IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VERNARD MILES,

    Plaintiff,

vs.                                                                            Civ. No. 16-118 KG/CG

GREGG MARCANTEL, et al,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's Civil Rights Complaint, filed February 18, 2016 (Doc. 1). Plaintiff is incarcerated, appears *pro se*, and is proceeding *in forma pauperis*. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915, the Court will dismiss the Complaint without prejudice and grant leave to amend.

I. Background

This case appears to raise claims under 42 U.S.C. § 1983. The Complaint consists of four handwritten pages. (Doc. 1). All of the factual allegations appear in a single sentence on the first page. (Doc. 1) at 1. Plaintiff alleges:

> Gregg Mercantel, Secretary of Corrections, is responsible for all the defendants in this claims … and for each institute under his jurisdiction including the facilities where the crimes of robbery and abusive took place to a state certified mentally [disabled] inmate w[as] housed, and where he is presently confined in Grants facility.

(Doc. 1) at 1. The second page of the Complaint is blank, except for a list of the following individuals: Gregg Mercantel, Secretary of Corrections; Benny Lopez, C.O.; Lloyd Creary; Kevin Meeks, Case Manager; Dr. Bevens; Jeremy Richards; Robin Brunk, Grievance Officer; Sheri

Pierce; and Jody, Medical Corizon Services. (Doc. 1) at 2. The remainder of the document consists of a verification page and a letter from another, unidentified inmate stating Plaintiff needs legal assistance. (Doc. 1) at 3-4.

II. Standards Governing *Sua Sponte* Review

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals" of a cause of action and conclusory allegations, without more, do not suffice. *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

2

III. Analysis

"A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

The Complaint does not meet this standard. It is unclear how Plaintiff was abused or robbed, and how those actions violated the Constitution. There is also no way to determine how the nine listed individuals were involved in the alleged wrongdoing. A successful § 1983 complaint must "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

For these reasons, the Court will dismiss the complaint and permit Plaintiff to file an amended complaint within 30 days of entry of this order. When drafting an amendment, Plaintiff is advised that the Secretary of Corrections cannot be sued in his official capacity, nor he can liable in his individual capacity solely because he oversees the prison. *See Florez v. Johnson*, 63 Fed. App'x 432, 435 (10th Cir. 2003) (prohibiting official capacity claims against the New Mexico Secretary of Corrections); *Dodd v. Richardson,* 614 F.3d 1185, 1195 (10th Cir. 2010) (noting prison supervisors are not liable under Section 1983 for merely employing a tortfeasor). To face liability, prison supervisors must "promulgat[e] … a policy that caused a deprivation of plaintiff's rights." *Dodd,* 614 F.3d at 1195. Any amended complaint must also comply with Fed. R. Civ. P.

8(a), which requires a short and plain statement describing the discrete instances of alleged wrongdoing.

If Plaintiff declines to timely file an amended complaint or files an amended complaint that similarly fails to state a claim, the Court may dismiss the case with prejudice and without further notice.

IT IS ORDERED:

1. Plaintiff's Civil Rights Complaint (Doc. 1) is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may granted.

2. Plaintiff may file an amended complaint within 30 days of entry of this order.

_____
UNITED STATES DISTRICT JUDGE