IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VERNARD MILES,

    Plaintiff,

vs.                                                      Civ. No. 16-118 KG/CG

GREGG MARCANTEL, et al,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court following Plaintiff's failure to file an amended civil rights complaint. Plaintiff is incarcerated, appears *pro se*, and is proceeding *in forma pauperis*. Having reviewed the matter *sua sponte* under 28 U.S.C. §§ 1915 and 1915A, the Court will dismiss this action for failure to state a claim.

Plaintiff filed his original Civil Rights Complaint (Complaint) on February 18, 2016. (Doc. 1). It consists of four handwritten pages. (Doc. 1). All of the factual allegations appear in a single sentence on the first page:

> Gregg Mercantel, Secretary of Corrections, is responsible for all the defendants in this claims … and for each institute under his jurisdiction including the facilities where the crimes of robbery and abusive took place to a state certified mentally [disabled] inmate w[as] housed, and where he is presently confined in Grants facility.

(Doc. 1) at 1. The second page of the Complaint is blank, except for a list of the following individuals: Gregg Mercantel, Secretary of Corrections; Benny Lopez, C.O.; Lloyd Creary; Kevin Meeks, Case Manager; Dr. Bevens; Jeremy Richards; Robin Brunk, Grievance Officer; Sheri Pierce; and Jody, Medical Corizon Services. (Doc. 1) at 2. The remainder of the document consists of a verification page and a letter from another, unidentified inmate stating Plaintiff needs

legal assistance. (Doc. 1) at 3-4.

By a Memorandum Opinion and Order (Order) entered May 24, 2018, the Court dismissed the Complaint for failure to state a cognizable claim. (Doc. 25). *See* 28 U.S.C. § 1915(e)(2) (Courts may *sua sponte* dismiss an *in forma pauperis* complaint "if … the action … fails to state a claim upon which relief may be granted."); 28 U.S.C. § 1915A(b) (same). The Order explained that Plaintiff failed to describe how each Defendant was involved in the alleged wrongdoing. (Doc. 25) at 3. The Order also provided guidance about what the amended complaint must allege to survive initial review. In particular, Plaintiff was warned that any amendment must "make clear exactly *who* alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original).

Consistent with *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991), Plaintiff was given thirty days to amend his Complaint to cure the pleading defects. He did not file an amendment or respond to the May 24, 2018 Order. Hence, this action will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) for failure to state a cognizable claim. Such dismissal counts as a strike under 28 U.S.C. § 1915(g). *See Hafed v. Bureau of Prisons,* 635 F.3d 1172, 1176-77 (10th Cir. 2011) (holding that dismissal of an action as frivolous, malicious, or for failure to state a claim under Section 1915(e)(2)(B) counts as a strike under Section 1915(g)). The Court notifies Plaintiff that if he accrues three strikes, he may not proceed *in forma pauperis* in civil actions before the federal courts unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

IT IS ORDERED:

1. This action is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)

and 1915A(b) for failure to state a claim upon which relief may granted; and judgment will be entered.

    2.    A strike is imposed against Plaintiff Vernand Miles under 28 U.S.C. § 1915(g).

_____
UNITED STATES DISTRICT JUDGE